IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 25, 2005

## STATE OF TENNESSEE v. TRAVIS RAY WILKINS

**Appeal from the Circuit Court for Cocke County**
**No. 9304     Ben W. Hooper II, Judge**

_____

**No. E2005-00018-CCA-R3-CD - Filed February 6, 2006**

_____

The Appellant, Travis Ray Wilkins, was convicted by a Cocke County jury of aggravated burglary and theft of property over $500. As a result of these convictions, Wilkins received an effective sentence of five years. On appeal, Wilkins argues that the evidence is insufficient to support either of his convictions. After review of the record, we conclude that the evidence supports the convictions.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Keith E. Haas, Assistant Public Defender, for the Appellant, Travis Ray Wilkins.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and James B. Dunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On September 30, 2003, Chris Gorrell left his Reidtown home around 8:30 a.m. to attend classes at Walters State College and returned around12:00 p.m. Upon his return, he discovered that his back door was open and that the deadbolt appeared to have been kicked or pried. The break-in was reported to the Cocke County Sheriff's Department. Initially Gorrell stated that only $150 was missing; however, he later discovered that his Browning BAR, .338 caliber magnum Winchester rifle was also missing. At trial, he testified that the rifle had a Bausch and Lombe scope and Leopold mounts and was valued, at the time of its theft, between $1,000 and $1,500.

After reporting that the rifle was missing, Gorrell called the Appellant, who lived about 1.5 miles away, and asked "if he'd heard anything about anybody getting a gun because he had

mentioned . . . that he knowed people that could get guns if I needed one." Later that afternoon the Appellant returned the rifle to Gorrell reporting that he had found it in Matt O'Neil's garage.

Detective Derrick Woods arrived at the scene around 4:00 p.m. and took pictures of the back door of the victim's residence, which revealed a muddy shoe print on it. While at the Gorrell residence, Woods took a statement from the Appellant in which the Appellant stated that after talking to Gorrell, he went to the home of Matt O'Neil located nearby in Carson Springs. The Appellant stated that he found the gun in O'Neil's garage and returned it to Gorrell.

Later that evening, Detective Woods again questioned the Appellant, and, after being advised of his rights, the Appellant gave the following statement:

> I went to Chris Gorrell's house located on Old Sevierville house [sic] around lunch today because I knew he would be at school. I parked my mother in law's car, that I drove down the road from Chris's house. I then went to Chris's back door and pried it open with a screwdriver and kicked the door with my right foot. After getting into the house I opened the gun cabinet that was unlocked then took the rifle a 338 caliber. This is the only thing I took from the residence. Later today Chris called me about his house getting broke into. That's when I took the gun back to Chris and told him I got it from Matt O'Neil's garage which was not the truth. The first statement I gave to Detective Derrick Woods at Chris house was not the truth at all.

After providing the statement to Detective Woods, the Appellant was arrested and placed in custody. Additionally, photographs of the Appellant's shoes were also taken at this time. Detective Woods explained that in examining the pictures of the soles of the Appellant's shoes and "in looking at the shoe prints it gives a fair impression of the same impression, that the shoe print on the door matches the shoe print on his feet."

The Appellant was indicted by a Cocke County grand jury for aggravated burglary, theft of property over $1000, and failure to appear at a scheduled hearing in this cause in the Cocke County General Sessions Court. The Appellant pled guilty to failure to appear, and his trial for the remaining counts commenced on July 21, 2004. At trial, the Appellant relied upon the defense of alibi. The Appellant's wife testified that the Appellant was home "in bed asleep" on the morning of the crimes and did not get up until 12:55 p.m. that day. The Appellant's mother also testified that she visited the Appellant's residence around "lunch time" on the day of the crimes, and the Appellant was still sleeping. The Appellant did not testify at his trial.

At the close of the proof, the jury found the Appellant guilty of aggravated burglary and theft over $500. A sentencing hearing was held on September 13, 2004, and the trial court sentenced the Appellant to five years for aggravated burglary and to two years for theft over $500. The two sentences were ordered to be served concurrently but consecutively to sentences imposed by the Jefferson County Circuit Court. This appeal followed.

**Analysis**

On appeal, the Appellant asserts that the evidence is insufficient to support either of his convictions. He argues that from the testimony presented at trial, it was physically impossible for him to have committed the crimes. He contends that he was asleep at the time the crimes occurred and that the prints on the Appellant's door were markedly different than the tread and grooves of his shoes depicted in the photograph. In considering this issue, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

Tennessee Code Annotated section 39-14-103 (2003) provides, "[a] person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Theft of property is a Class E felony if the value of the property obtained is more than $500 but less than $1,000. T.C.A. § 39-14-105(2) (2003). In order to sustain a conviction for aggravated burglary, the State must prove that a person, without the effective consent of the owner of the property, entered a habitation with intent to commit a theft. T.C.A. § 39-14-402(a)(1), -403(a) (2003).

The proof at trial overwhelmingly supports the jury's verdicts. In his statement to the police, the Appellant confessed that he entered the victim's house without consent. He also admitted that he took a rifle from the residence but returned it after the victim called him. Additionally, the jury was instructed that the Appellant's possession of the recently stolen rifle was a circumstance from which it could draw the inference that the Appellant gained possession of the weapon through theft. Evidence of alibi, issues concerning the credibility of the witnesses, and the weight and value to be given the evidence are questions of fact for jury determination. Accordingly, we conclude that the

evidence at trial is legally sufficient to support the Appellant's convictions for aggravated burglary and theft of property over $500.  *See* Tenn. R. App. P. 13(e).

## CONCLUSION

Based on the foregoing, we affirm the Appellant's judgments of conviction for aggravated burglary and theft of property over $500.

_____
DAVID G. HAYES, JUDGE